**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig
United States Bankruptcy Judge**

**Dated: 10:34 AM May 25, 2018**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| BETTY JANE ROBERTS, | ) | CASE NO. 17-60103 |
| | ) | |
| Debtor. | ) | JUDGE RUSS KENDIG |
| | ) | |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |

Two matters are before the court. The first is an amended application for payment of an administrative expense under 11 U.S.C. § 503(b)(2) filed by Toby L. Rosen, chapter 13 trustee ("Trustee"). Debtor opposed the application. The court held two hearings, one on April 11, 2018 related to the original application, followed by a second hearing on May 23, 2018 for the amended application. Donald M. Miller, attorney for Debtor, and Trustee appeared at both hearings. The second matter is Trustee's objection to confirmation. The parties disagree on the chapter 7 liquidation value. The court heard arguments on this at the April 11 hearing.

The court has subject matter jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference entered by The United States District Court for the Northern District of Ohio on April 4, 2012. Gen. Order 2012-7. The court has authority to issue final orders in this matter. Pursuant to 11 U.S.C. § 1409, venue in this court is proper. The following constitutes the court's findings of fact and conclusions of law under Bankruptcy Rule 7052.

1

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## BACKGROUND

Both issues before the court relate to Debtor's one-third interest in non-residential real estate at 166 First St., Bergholz, Ohio ("Bergholz"). Following an evidentiary hearing, the court valued the property at $50,000.00.

Trustee's amended application for administrative expense seeks $310.36 to reimburse Todd Kreps, an appraiser with the Charles G. Snyder Co., for his testimony at the Bergholz valuation hearing. Debtor opposes the application, arguing that Trustee should bear her costs from the hearing from her own pocket.

The parties also disagree on the chapter 7 liquidation value. Debtor provided a liquidation analysis that calculates a liquidation value of $9,125.00. Although Trustee did not provide calculations, she objects to Debtor's $2,500.00 deduction of hypothetical attorney fees for the chapter 7 trustee.

## DISCUSSION

### I. Administrative expense

Trustee's appraiser charged $310.36 for his court testimony, including mileage. Trustee seeks reimbursement under 11 U.S.C. § 503(b)(2). Mr. Kreps is authorized to appraise real estate for Trustee under Administrative Order 08-07 and is deemed appointed under § 327(a). His employment as a professional is not challenged. As a professional employed under § 327, he is entitled to reasonable compensation for his actual and necessary services and expenses. 11 U.S.C. § 330(a). Section 503(b)(2) provides that "compensation and reimbursement awarded under section 330(a) of this title" . . . "shall be allowed, administrative expenses."

Debtor does not contest the reasonableness of the fee. Her main assertion is the American Rule applies to the expense, making it payable by Trustee. Debtor cites no authority in support. Debtor's objection is not well-taken.

Mr. Kreps was Trustee's only witness at the hearing and his testimony benefited the estate. Debtor proposed a value of $38,000.00 for the property and the court valued it at $50,000.00, thereby increasing the chapter 7 liquidation value. The court concludes that Mr. Kreps' compensation is reasonable and his services and expenses were actual and necessary. The court will approve the application for administrative expenses and overrule Debtor's objection.

### II. Chapter 7 liquidation value

The court cannot confirm a chapter 13 plan unless

2

> the value, as of the effective date of the plan, of property
> to be distributed under the plan on account of each allowed
> unsecured claim is not less than the amount that would be
> paid on such claim if the estate of the debtor were liquidated
> under chapter 7 of this title on such date.

11 U.S.C. § 1325(a)(4). Known as the "best interest" test, the provision "is designed 'to ensure that unsecured creditors [will] not be harmed by a debtor's choice of Chapter 13 over Chapter 7.'" In re Fobber, 256 B.R. 268 (Bankr. E.D. Tenn. 2000) (citing Henry J. Sommer, Consumer Bankruptcy Law and Practice 190 (3d ed. 1988)). Creditors are entitled to receive the same amount in a chapter 13 case that they would receive in a hypothetical liquidation.

The court approved chapter 7 administrative fees and expenses as permissible deductions in chapter 7 liquidation value calculations. In re Craver, 2012 WL 290366 (Bankr. N.D. Ohio 2012) (citations omitted). The question in this case is whether the attorney's fee included in Debtor's calculation is a permissible and reasonable deduction. Trustee argued that it is not clear that a chapter 7 trustee would hire an attorney to sell the real estate, making the expense an improper deduction.

Debtor ably refutes Trustee's argument. In an affidavit attached to Debtor's liquidation analysis, chapter 7 trustee Anthony J. DeGirolamo declares, in his professional opinion, "an attorney would have been appointed by the trustee to file the adversary proceeding and to carry out any and all necessary pleadings or other documents related to the sale of the real estate in its entirety." He opines that legal fees would be approximately $3,000.00. Debtor also attached an email from another chapter 7 trustee, Anne Piero Silagy, where she suggests "the average legal fee costs for filing an adversary for authority to sell a debtor's fractional interest . . . assuming fairly cooperative defendants, is approximately $3,000.00."

Both trustees identify the underlying reason a chapter 7 trustee would likely hire counsel: the single family real estate is owned by three individuals, making partition impractical. The property would be sold as a whole, with both of the other co-owners named as defendants, requiring an adversary complaint. On these facts, the court is convinced a chapter 7 trustee would hire an attorney and therefore would incur legal fees. Both trustees agreed the fee would be approximately $3,000.00. Debtor used a $2,500.00 amount in her calculation. The court accepts Debtor's figure and concludes the hypothetical chapter 7 liquidation value of Bergholz is $9,125.00. Trustee's objection to confirmation is overruled.

The court will immediately issue an order in conformity with this opinion.

# # #

**Service List:**

Donald M. Miller
1400 Market Avenue N
Canton, OH 44714-2608

Toby L. Rosen, Trustee
400 W Tuscarawas Street
Citizens Bank Bldg. 4th Floor
Canton, OH 44702

Betty Jane Roberts
c/o 6727 Kirby Avenue NE
Canton, OH 44721-3552

4